## Marshall, Appellant, v. Fulgham.

An application for a continuance in an action of replevin, stands upon the same grounds as in other actions, and it will be error if the judge refuses to hear it.

A gift by deed, not recorded, of a slave, when the consideration is that of blood, and the gift is not accompanied by delivery of possession to the donee, is not valid as to a subsequent donee who holds by virtue of a deed of gift from the same donor, perfected by a delivery of possession.

Where the defendant claims the property in a chattel under a deed of gift, as against a subsequent gift of the same chattel, he must allege in his plea, that delivery accompanied the gift, or the plea will be demurrable, under our statute of frauds.

APPEAL from the circuit court of the county of Copiah. Suit commenced below in 1833.

This was an action of replevin, brought by Marshall against Fulgham, to recover a slave named Bob. The plaintiff below claimed under a deed of gift from Jesse Fulgham to plaintiff's wife, dated on the 17th of January, 1824, and regularly recorded in the office for the registry of deeds in the county of Henry, in the state of Alabama, where the deed was made.

The defendant below pleaded in bar to the action, that he held the said slave by virtue of two deeds of gift, which he alleged vested in him the right of property in the slave. The first was described as a deed executed by said Jesse Fulgham, uncle to the defendant, and under whom the plaintiff also claimed as donee, which deed was dated the 4th of October, 1804, and reserved to the donor and his wife Mary, a joint life interest in the property conveyed. It was averred in the plea, that the second deed executed in 1826, by said Mary, after the death of her husband, relinquished the interest in the slave, which had thus survived to her to the defendant. The plea contained no averment of delivery of possession of the slave to the defendant. The plaintiff demurred to the plea for want of such allegation; but the demurrer was overruled as frivolous. Plaintiff then replied, and a demurrer to the replication was sustained. An issue was then made by consent.

[Marshall, Appellant, v. Fulgham.]

The plaintiff offered an affidavit for continuance for the absence of material testimony, which contained the usual requisites of an application for a continuance for want of evidence; the court refused the continuance of the cause on the ground that such an application could not be heard in an action of replevin.

The defendant's plea did not allege that the deeds under which he claimed the slave had been proved and recorded. Bill of Exceptions signed to the opinion of the court and appeal prayed and allowed. It is insisted by the appellant, that the court erred in overruling the plaintiff's demurrer to the plea, and in refusing the hearing of the application for a continuance.

Brown for appellant.

Harris and Learned, *contra.*

1. That the court below did not err in overruling the demurrer to the defendant's plea.

2. That said court did not err in rejecting said demurrer to said plea, on account of said demurrer being frivolous, and intended only for delay. And even if the court below did err in so doing, this court will look into the whole record, and will consider that judgment as given on said plea and demurrer, which the court below ought to have given; and will not reverse the final judgment in this case unless said demurrer to said plea ought to be sustained.

3. That the court below did not err in sustaining the demurrer to the plaintiff's replication; because said replication is evidently double, denying the facts of the plea, and also setting up new matter in avoidance of it.

4. That said court did not err in refusing to continue said cause on the application of the plaintiff; because an application for a continuance is an application to the discretion of the court, which is not a subject of error or exceptions. "An order for amending a declaration is not cause for filing exceptions, pursuant to the statute of Massachusetts, which authorises a party to except to 'any opinion, judgment, or direction of any judge in any action.'" See Haynes and wife v. Morgan, 3 Mass. Reports, 208. See also Rev. Code, 137, sec. 145, which says, "a bill of exceptions lies

only to some charge, opinion, or direction of a judge, on the trial of the cause, at which the party deems himself aggrieved." Hence the statute of Massachusetts is much stronger in favor of exceptions than our own. And even there, such a bill as the one before the court would not lie in any case. And in the case of the Marine Insurance Company *v.* Hodgson, 6 Cranch, 218, Justice Livingston says, "it may be very hard not to grant a new trial, or not to continue a cause, but in neither case can the party be relieved by a writ of error; nor is the court apprised that a refusal of this nature was ever made a subject of complaint in this way."

And even if such refusal did in general afford a ground of exceptions or error, still it would not be error in the present case. For although "in general the court may on cause, on cause shown by affidavit, continue a cause on the same ground, as continuances are usually granted," Rev. Code, 114, section 45—still in this case, a case of replevin, the statute directs an "issue shall be made up at the term to which the writ is returned, and shall be tried at the same term, without waiting for its turn in the order of priority in regard to other suits." Rev. Code, 173, sec. 17.

5. That the certificate of Thomas A. Willis, the presiding judge at the time this cause was tried, is not error in this case, however much said judge might have erred in signing the plaintiff's bill of exceptions in this case, without first having said bill exhibited to the defendant's counsel, and giving them an opportunity of aiding in settling said bill, which is the fact.

Mr. Justice SMITH delivered the opinion of the court.

This was an action of replevin instituted in the circuit court of Copiah county. Fulgham who was the defendant below, pleaded in bar to the action; and set out that he held the slave Robert, who was the subject matter of the controversy, by virtue of two deeds of gift, which he alleged vested in him an unqualified right of property in the said slave. The first of these is described as a deed, executed by Jesse Fulgham, uncle to the defendant, and under whom the plaintiff claims as donee also, which reserving to the donor and his wife Mary, a joint life interest in the property conveyed, vested in the defendant after the death of the said donor and his

wife, the full ownership to the same; the second as a deed execu-
ted by the said Mary after the death of her husband, relinquish-
ing the interest in the slave which had thus survived to her. The
plea contains no averment that delivery was made either at the
time of executing the deeds, or at any subsequent period, of the
property intended to be donated. To this plea the plaintiff de-
murred, and assigned as special cause of demurrer, the absence
of such averment in the plea. This demurrer was rejected by the
court, upon the alleged ground that it was manifestly frivolous,
and intended for delay. The plaintiff then replied to the plea of
the defendant, and his replication was held bad upon demurrer.
Upon which the parties joined issue by consent, and the plaintiff
filed his affidavit for a continuance of the cause. The contents
of this affidavit are embraced in the bill of exceptions to the
opinion of the court, who held that an application for a continu-
ance in the action of replevin upon any ground was inadmissible.
The cause was then submitted to the jury upon the issue joined,
who having found for the defendant, it has been removed into this
court by appeal.

Several questions are presented by the assignment of errors,
two only of which it is deemed necessary to investigate. And as
there exists between them no necessary connection I will consider
them in the order in which they are presented by the record.

1. It was contended by the counsel who represented the inte-
rests of the appellee, that applications for the continuance of
causes are addressed exclusively to the sound discretion of the
court; and that the exercise of this discretion does not constitute the
legitimate subject of a writ of error; and that as the statute re-
quires the issue to be tried at the return term of the writ in actions
of replevin, it necessarily precludes the circuit courts from hearing
applications of this character. The correctness of the first branch
of this proposition is clearly established by authorities of the high-
est character, which we are not disposed to call in question. But
the other is based upon a mistaken construction of the law in re-
lation to the action of replevin. The statute intended to make
suits of this character triable at the first term after the writ is
made out, and to compel the parties to use all due diligence in
bringing their cases to trial. By no just rule of interpretation can

it be maintained that the statute intended more than to insure a trial at the first term, if it could be had in conformity with the established rules of procedure. To give to the statute any other construction, we must suppose that the legislature intended that actions of replevin should be abated in case the defendant should die prior to the return term of the writ; or that a trial should be had although there might not be in existence proper parties to the suit. It is therefore manifest, that it was the imperative *duty* of the judge to allow the application for a continuance to be made, however irresponsible would have been his act in deciding upon the sufficiency of the showing. We are equally clear in the conviction that this was error; for which the judgment of the circuit court ought to be reversed.

The second question which I propose to consider, arises upon the demurrer to the plea of defendant. The question is substantially this, is a gift by deed of a slave, founded upon a consideration of blood between uncle and nephew, unaccompanied by delivery of possession to the donee, valid as to a subsequent donee who holds by virtue of a deed of gift, perfected by a delivery of possession? This question is important, and not without some difficulty. By the second section of the statute of frauds and perjuries, Rev. Code, p. 192, it is provided that if any conveyance be of goods or chattels, and be not on consideration deemed valuable in law, it shall be held to be fraudulent, within the act; unless the same be by will duly proved and recorded, or by deed in writing, acknowledged or proved, and recorded in the county where the donee shall reside or the property shall be; unless possession shall really and bona fide remain with the donee. The deed under which the defendant claims title in this case is not alleged to have been proved and recorded pursuant to the requisitions of the statute. But if it had been averred that the deed was duly proved and recorded, the case would still be within the provisions of the law, as the deed is not founded upon a good consideration, much less one which in the language of the act, is deemed valuable in law. It remains then to be inquired whether the possession of the donor, being consistent with a provision of the deed, is to be regarded as the possession of the donee. There is nothing appearing upon the record by which it is established

[Marshall, Appellant, *v.* Fulgham.]

that the relation of guardian and ward subsisted between the donor and defendant. They are strangers, and although the donor continued in possession of the slave according to the provisions of the deed of gift, yet it cannot be held that his possession was in legal contemplation that of the donee. The deed of gift, then, cannot be regarded as of greater validity, or of more extensive effect, than a parol gift without delivery. A gift of a chattel personal, is the act of transferring the right and the possession thereto; whereby one man renounces, and another man acquires, immediately, all title and interest therein. No consideration is necessary to support it, and if made under circumstances where the law will not raise a presumption of fraud in the donor, it is good against the world, where there is an immediate delivery of possession. But if the gift does not take effect by immediate delivery of possession, it is then not a gift, but a contract. See 2 Black. Com. 442. It follows then that the defence set up in the plea of defendant, is not sufficient to bar the recovery sought, and that the court erred in rejecting the demurrer of the plaintiff to the said plea.

Judgment will be reversed, and judgment of *respondeas ouster* against defendant below.

[*Note.*—This cause was decided in 1835, and overlooked by the Reporter.]